IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. PAGE,

                      Petittioner,

       -vs-

UNITED STATES OF AMERICA,

                      Respondent.

Case No. 3:05cr716
Case No. 3:08 CV 1371

MEMORANDUM   OPINION
AND   ORDER

KATZ, J.

On June 5, 2008, Petitioner Michael A. Page ("Petitioner"), acting *pro se*, filed a timely motion pursuant to 28 U. S. C. § 2255 to vacate, set aside, or correct a sentence (Doc. 149). On August 11, 2008, the government filed a response in opposition to Petitioner's motion (Doc. 151). On August 22, 2008, Petitioner filed a reply (Doc. 152). For the reasons stated below, the Court denies Petitioner's motion.

**I. Background**

Petitioner was charged in two counts of a multiple-defendant, multiple-count indictment. He was charged with: (1) conspiracy to import cocaine and marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 963; and (2) conspiracy to possess with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. These charges arose from Petitioner's involvement in importing narcotics by recruiting at least nine people from the Sandusky, Ohio area to travel to Cleveland, then New York, and finally to South America, in order to bring back the drugs.

On January 9, 2006, Petitioner pled guilty on the first count (conspiracy to import), in exchange for the dismissal of the second count (conspiracy to distribute). The plea was made pursuant to a binding plea agreement under Fed R. Crim. Proc. 11(c)(1)(C). Under the agreement, Petitioner waived his right to appeal his guilty plea, conviction, and sentence on any ground. However, Petitioner reserved his right of appeal with respect to other grounds, including ineffective assistance of counsel.

On May 30, 2006, this Court imposed a sentence of 204 months. The advisory Federal Sentencing Guidelines ("Guidelines") range was 168-210 months. This Court advised Petitioner that he had the right to appeal his conviction or sentence but that he had substantially waived his appellate rights in the plea agreement, and that Petitioner could test the validity of the appeal waiver by filing a notice of appeal. Petitioner filed a timely notice of appeal, and the Sixth Circuit affirmed Page's conviction. The court held that "the totality of the record supports the government's argument that the district court established a factual basis for Page's guilty plea, and that Page understood the nature of the charge to which he pled guilty." *United States v. Page*, 520 F.3d 545, 548 (6th Cir. 2008).

On June 5, 2008, Petitioner filed a timely motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence (Doc. 149).

**II. Standard of Review**

  **A. 28 U.S.C. § 2255**

A prisoner seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-497 (6th Cir. 2003).

In the present case, Petitioner alleges that his constitutional right to the effective assistance of counsel was violated, placing his claim within the first category above. *See e.g. Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. The petitioner has the burden of sustaining his contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 Fed. Appx. 73, 76 (6th Cir. 2003).

**B. Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a petitioner must meet the familiar two prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.* at 687. Second, a petitioner must demonstrate that counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id.*

To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance.  Moreover, there is a presumption that the challenged conduct was a matter of strategy.  *Id.* at 689; see also *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

**III. Discussion**

Although Petitioner waived his right to appeal his guilty plea, conviction, and sentence on any ground, Petitioner reserved his right to appeal with respect to ineffective assistance of counsel.  As a result, Petitioner's motion is properly before this Court.  *See Watson v. United States*, 165 F.3d 486, 488-489 (6th Cir. 1999).

Petitioner alleges that he received ineffective assistance of counsel when his attorney: (1) negotiated a plea agreement that bound the district court to a particular Guideline sentence despite the advisory nature of the Guidelines; (2) failed to object to the imposition of sentence where the Court allegedly pronounced the intended sentence before Petitioner allocuted; and (3) failed to persuade the government to file a Rule 35(b) motion for a post-sentencing reduction which Petitioner alleges to have relied on before entering the plea agreement.

In response, the government argues that: (1) Petitioner waived his right to appeal his guilty plea, conviction, and sentence, including proceedings under 28 U.S.C. § 2255 except claims of ineffective assistance of counsel and upward departures from the advisory guideline range; (2) *United States v. Booker*, 543 U.S. 220 (2005) did not invalidate rule 11(c)(1)(C) binding plea agreements; and (3) Petitioner did not provide substantial assistance in investigating or

4

prosecuting another person, and thus did not qualify for a post-conviction Rule 35(b) motion to reduce his sentence.

### A. Binding plea agreement negotiation

Petitioner claims that he received ineffective assistance of counsel because his attorney negotiated a plea agreement binding the Court to impose a 204 month sentence. Petitioner relies on the Supreme Court's ruling in *Booker* which made the Guidelines non-mandatory. *Booker*, 543 U.S. at 222. Petitioner argues that *Booker* contradicts a Rule 11(c)(1)(C) binding plea agreement and thus implicitly prohibits such agreements. Furthermore, Petitioner argues that he did not waive his *Booker* rights voluntarily, knowingly, and intelligently.

This Court finds guidance in the Sixth Circuit's decision in *U.S. v. Magouirk*, 468 F.3d 943 (6th Cir. 2006). In *Magouirk*, the court held "that a defendant may voluntarily waive his or her *Booker* rights, provided that the waiver is made knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences."[1] *Id.* at 951 (internal quotations omitted). The *Magouirk* court went on to explain that "proper focus remains on the terms of the plea agreement and the words exchanged during the plea colloquy." 468 F.3d at 951. In *Magouirk*, the defendant waived his *Booker* right to the advisory application of the Guidelines, and instead entered into a Rule 11(c)(1)(C) plea agreement binding the defendant to be sentenced solely according to the Guidelines. *Id.* at 948.

---

[1] Other Circuits have held simply that *Booker* does not conflict with Rule 11(c)(1)(C) binding plea agreements. *See e.g. United States v. Cieslowski,* 410 F.3d 353 (7th Cir. 2005); *United States v. Kling,* 516 F.3d 702 (8th Cir. 2008); *In re Morgan,* 506 F.3d 705 (9th Cir. 2007); *United States v. Silva*, 413 F.3d 1283 (10th Cir. 2005).

Just as a defendant can agree to waive his *Booker* rights and bind himself to the Guidelines, it logically follows that a defendant can agree to waive his *Booker* rights and bind himself to a particular sentence. Both agreements allow the defendant to waive the non-binding Guidelines and bind the defendant to a more certain and predictable sentencing period. Of course, Petitioner's waiver of his *Booker* rights must be made knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences. Petitioner's waiver of his *Booker* rights met these requirements. The plea agreement that Petitioner entered into clearly explained that the Guidelines are advisory in a non-binding plea agreement, but that the instant plea agreement was binding. Doc. 106 at 4. The plea agreement continued to explain that the parties agree to a 204 month sentence and that the Court could accept or reject the agreement. *Id.* at 6. Furthermore, after Petitioner appealed his conviction, the Sixth Circuit concluded that ". . . only after ensuring that Page understood the rights he was giving up and the charge against him, did the district court accept Page's plea of guilty pursuant to the plea agreement." *Page*, 520 F.3d at 548. During the proceeding, the binding plea agreement was explained to Petitioner by the Court. The Court intermittently asked whether Petitioner understood, and Petitioner responded affirmatively. Doc. 130 at 18.

Petitioner's attorney was not ineffective in negotiating the plea agreement. In exchange for Petitioner's guilty plea, the government agreed to drop the charges in the second count and strike all references to the conspiracy having commenced earlier than 2001. Doc. 106 at 2. Furthermore, the government agreed to reduce Petitioner's offence level three levels, not file for a sentencing enhancement, and not prosecute Petitioner for the crime of being a felon in possession

6

of a firearm in Cleveland in 2005. *Id.* at 9, 11, 15. Petitioner has not demonstrated that his attorney's representation fell below acceptable standards or prejudiced his defense.

### B. Announcing the Sentence Prior to Allocution

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to object when the Court announced Petitioner's sentence prior to allowing Petitioner the opportunity to allocute. Petitioner argues that the Court intended to sentence Petitioner when it mentioned the sentence.

"[B]efore imposing sentence, the court must: . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). "Allocution, a defendant's right to speak in his or her behalf before pronouncement of sentence, is not an empty formality. A defendant has the right to address the sentencing court and demonstrate why he or she deserves a lesser penalty than the court would otherwise be inclined to impose." *United States v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 1996) (abrogated on other grounds by *Muscarello v. United States*, 524 U.S. 125, 127 (1998)).

Here, Petitioner does not argue that he was deprived of an opportunity for allocution. Rather, Petitioner alleges that his attorney was ineffective for failing to object when the court mentioned the sentence before the allocution. Specifically, Petitioner argues that his attorney should have objected to the following exchange that took place during the change of plea hearing:

> Government: . . . [U]nder the binding plea agreement, he would be facing 204 months.
> Court: Thank you. Because you will be placed in the custody of the Bureau of Prisons for the --   204 or 5?
> Government: 204 months.
> Court: (Continuing) -- 204 months . . .

Doc. 130 at 18.

7

The excerpt demonstrates that the Court mentioned Petitioner's sentence in the context of explaining the terms of the plea agreement. It took place after the government explained certain terms of the agreement and before the Court's explanation of certain provisions of the plea agreement. *See id.* at 14-19. The Court repeatedly asked Petitioner whether he understood the agreement, and Petitioner answered in the affirmative. *Id.* In fact, the Court could not have fully explained the terms of the plea agreement or ensured that Petitioner gave his plea voluntarily, knowingly, and intelligently unless the Court mentioned the sentence which was an integral part of the agreement. This Court does not consider its mention of the sentence in describing the binding plea agreement to Petitioner to demonstrate the Court's intention to impose that sentence.

Nonetheless, the Sixth Circuit has found certain circumstances where district courts did not err in imposing sentence before allocution. *See e.g. United States v. Griffin*, 530 F.3d 433 (6th Cir. 2008); *United States v. Pelaez*, 930 F.2d 520 (6th Cir. 1991). In *Griffin*, the Sixth Circuit considered whether the district court erred when, at the defendant's sentencing, the district court imposed the sentence before allocution. The court ruled that the district court corrected itself by "genuinely reconsider[ing] Griffin's sentence" when the court conceded its error and invited the defendant to speak. *Griffin*, 530 F.3d at 439.

Here, similar to *Griffin,* after the Court mentioned the sentence before Petitioner had the opportunity for allocution, the Court genuinely reconsidered Petitioner's sentence when Petitioner allocuted during the sentencing hearing. After fully hearing Petitioner and his attorney, the Court imposed the sentence. The Court recommended that Petitioner pursue a GED and that Petitioner be granted the opportunity to enroll in a drug rehabilitation program. The Court, knowing that it

was bound to accept or not accept the plea agreement, recognized that the agreement was "fair and reasonable under both the guidelines and § 3553(a)." Doc. 131 at 8.

Thus, it is clear that Petitioner's counsel was not ineffective for failing to object when the Court mentioned Petitioner's sentence prior to allocution. The Court did not announce its intent to impose sentence, but rather to explain the plea agreement to Petitioner in order to ensure that Petitioner understood the agreed sentence as set forth in the plea agreement. Furthermore, under the binding plea agreement, the parties agreed to a 204 month sentence that the Court could accept or reject. *Id.* at 6. The Court did not announce its intention to accept the 204 month agreement until after the allocution and the Court's full consideration of Petitioner's statements during the sentencing hearing . Doc. 131 at 8.

### C. Post-conviction Rule 35(b) Reduction of Sentence

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to persuade the government to file a Rule 35(b) motion for a post-sentencing reduction which Petitioner alleges to have relied on before entering the plea agreement. The plea agreement states, in relevant part, that "[a]ny post-sentence cooperation shall be governed by Criminal Rule of Procedure 35." "Where a defendant fulfills his promise in entering a guilty plea, the prosecution is bound to fulfill any promise made in exchange." *Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991).

Under Rule 35, "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

Here, Petitioner was sentenced on May 30, 2006. The government reports that on December 21, 2005, Petitioner "fully admitted his involvement in the importation conspiracy and provided some information . . . about other individuals who held higher roles in the organization. . . ." Doc. 151 at 16. The government reports that none of the information was specific enough to identify the individuals, but that Petitioner agreed to testify against them if they are found. *Id.* Because this information was provided *before* sentencing, and because the information did not prove to be of substantial assistance, the Court concludes that Petitioner did not receive ineffective assistance of counsel when his attorney failed to persuade the government to file a Rule 35(b) motion for a post-sentencing reduction.

The Court is aware that if the government files a motion after the one-year deadline, the Court may reduce a sentence if the defendant's substantial assistance involved either: (1) information not known to the defendant until at least one year after sentencing; (2) information not useful to the government until at least one year after sentencing, or (3) information the usefulness of which could not have been anticipated by the defendant until at least one year after sentencing. Fed. R. Crim. P. 35(b)(2)(A-C). However, Petitioner has not provided any additional evidence to the government to satisfy these requirements.

**IV. Conclusion**

For the reasons discussed herein, Defendant's motion to vacate, set aside, or correct a sentence is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE