IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. PAGE, *pro se*,

                Petitioner,        Case No. 3:08 CV 1371
                                                        3:05 CR 716

    -vs-                                              MEMORANDUM OPINION

UNITED STATES OF AMERICA,

                Respondent.

KATZ, J.

       This matter was originally before the Court on Petitioner's motion filed pursuant to 28 U. S. C. § 2255 to vacate, correct or set aside his sentence. That motion, filed June 5, 2008, was denied by this Court on September 18, 2008(Doc. No. 153). On October 1, 2008 Page filed a motion for reconsideration (Doc. No. 154) under Fed. Civ. P. 59(e), stating that this Court misconstrued his third argument, that his attorney was ineffective because of failure to convince the Government to file a post-conviction Rule 35(b) motion for reduction of sentence based upon Page's cooperation. The Government has filed a response to the motion for reconsideration (Doc. No. 155) and, for the reasons stated in that response and herein, the Court will deny Page's motion for reconsideration.

       As noted in the Government's response, this Court has the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. Of Employment Security,* 455 U.S. 445, 450 (1982). However, such motions are extraordinary and should be discouraged. A motion to alter or amend a judgment must be filed within ten (10) days of that judgment pursuant to Fed. R. Civ. P. 59(e). That rule permits the

Court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate,* 858 F.2d 322, 326 (6th Cir. 1988). Rule 59 specifically states that the motion is to be served not later than ten (10) days after entry of the judgment. Rule 6(b) specifically provides that a district court "may not extend the time for taking any action under Rule 59(b)" and all courts considering the matter have uniformly held that the 10 day period may not be enlarged under any circumstances.

The order as to which Page seeks reconsideration was filed on September 18, 2008. His motion for reconsideration was filed October 1, 2008. However, as noted by the Government, a review of the certificate of service indicates it was dated September 23, 2008. Applying the "mailbox rule" to a federal pro se prisoner, the motion will be treated as filed at the time he delivered it to the prison authorities for forwarding to the Clerk of Courts. *Houston v. Lack* 487 U.S. 266, 276 (1988).

As noted by the Government, however, Page is clearly mistaken in his claims that the Government breached the plea agreement by failing to interview him, post-sentencing, on any information he may have gathered on a man named "Smoothie". Page's plea agreement specifically states that nothing in the agreement requires the Government to accept any cooperation or assistance from the Defendant and that the decision to accept any post-sentence cooperation is to be governed by Criminal Rule of Procedure 35. Nothing in the agreement binds the Government to accept any cooperation Page may have chosen or chooses to offer. At paragraph 20 of the plea agreement, it is stated that it constitutes the entire agreement between the United States and the Defendant and any future changes to the agreement are to be in writing and signed by all the parties. No such additional agreement has ever been reduced to writing.

Mere dissatisfaction with this Court's ruling or interpretation is not an appropriate ground to support a motion for reconsideration. *Meekison v. Ohio Dep't of Rehabilitation and Correction,* 181 F.R.D. 571, 572 ( S.D. Ohio 1998).

Since Page merely disagrees with the underlying Memorandum Opinion and Order with respect to his § 2255 filing and has not clearly established any manifest error of law or presented any newly discovered evidence, the motion to reconsider this Court's order of September 18, 2008 is denied.

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE