IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. PAGE, *pro se*

        Defendant/Petitioner,      Case No. 3:05 CR 716

-vs-

                                     MEMORANDUM OPINION
UNITED STATES OF AMERICA,        AND ORDER

        Plaintiff/Respondent.

KATZ, J.

Petitioner, Michael A. Page, ("Page" or "Petitioner") has filed a request for a certificate of appealability from this Court's denial of his 28 U.S.C. § 2255 motion to vacate sentence. For the reasons set forth herein and for those outlined in the well-reasoned response filed by the Government in opposition to Page's request, the Court will deny his request for a certificate of appealability.

Page has previously entered into a plea agreement pursuant to which he pleaded guilty to one count of conspiracy to import narcotics, in exchange for which the Government dismissed the second charge of conspiracy to distribute narcotics. That plea agreement included a waiver of appellate rights for almost all reasons except for ineffective assistance of counsel. At the plea hearing, the Court discussed at length Page's rights and obligations pursuant to the plea agreement, including the waiver of almost all rights of appeal. He acknowledged that he had read the plea agreement, discussed it with his attorney and understood the same prior to signing it. On May 20, 2006, this Court sentenced Page to 204 months imprisonment.

Page filed a direct appeal and the Sixth Circuit affirmed this Court's rulings and sentence. Thereafter, on June 5, 2008, he filed a § 2255 motion to vacate, correct or set aside his sentence, alleging ineffective assistance of counsel. That motion was denied on September 18, 2008, in a ten page opinion by this Court. Among other things, the Court held that Page's attorney was not ineffective in negotiating the plea agreement or in failing to object when this Court "mentioned" Page's sentence pursuant to the plea agreement prior to allocation because the Court did not announce its intent to impose that sentence when it mentioned "204 months", but merely stated that in the context of explaining the impact of the plea agreement. Finally, the Court determined that Page did not receive ineffective assistance of counsel when his attorney failed to persuade the Government to file a Rule 35(b) for post-sentencing reduction because the information Page supplied was neither post-conviction, substantial, nor did it lead to the investigation or prosecution of another person.

Page filed the instant request for a certificate of appealability on October 23, 2008. He contends that reasonable jurists could debate: 1) whether he understood his rights which were waived or whether they encompassed the new *Booker* rights; 2) whether it had been a futile gesture for the Court to even allow Page to allocute; and 3) whether Page had a different understanding of the plea agreement regarding a post-conviction Rule 35(b) motion.

Clearly, Page has waived his appellate rights to contest his sentence and to appeal. He understood his plea agreement which contained that waiver. Further, the issues for which he requests a certificate of appealability are not really ineffective assistance of counsel as outlined beginning at page 5 of the Government's memorandum in opposition. Further, it is clear that reasonable jurists could not debate this Court's previous findings.

2

Therefore, Page's request for a certificate of appealability from the order denying his § 2255 motion is denied.

IT IS SO ORDERED.

                                                  *s/ David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE